No. 936	December 26, 2024	97

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LAVON DONISHA JOHNSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CR05035; A181112

Andrew M. Lavin, Judge.

Submitted October 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction pursuant to a no-contest plea for third-degree assault that imposes $786.12 in restitution for the victim. Defendant assigns error to the restitution award, arguing that (1) the trial court erred by imposing restitution for damages that were not reasonably foreseeable consequences of defendant's criminal conduct, and (2) that the trial court plainly erred by imposing restitution without jury findings. It was reasonably foreseeable that defendant's assault on the victim, who is defendant's neighbor, could result in the victim being afraid of defendant and incurring costs for a security system and self-defense measures as a result. In addition, it is not plain that the imposition of restitution requires jury findings. The trial court did not err by imposing restitution for the costs of the security system and self-defense measures. Affirmed.

The facts are, for the most part, not in dispute. We recount the facts based on the testimony of the victim, who was the sole witness at the restitution hearing.

The victim and his girlfriend, while outside their house, were verbally accosted by defendant, who was their next-door neighbor. During that altercation, the victim called police because he felt it was getting out of hand. Ten days later, as the victim was leaving a grocery store, defendant and a man named McDonald "ambushed" the victim. Defendant and McDonald quickly walked up close to the victim. Defendant punched him in the temple. McDonald punched him above the ear. The victim "dropped like a sack of potatoes." When he fell, he hit his head on the concrete, splitting his eyelid and eyebrow open and causing trauma to his eye. He also landed on his elbow and broke two ribs. Six months after the assault, the victim's eyesight in the affected eye was still blurry, and he was diagnosed with a trauma-induced cataract that required eye surgery.

After that assault by his neighbor, the victim bought a home security system that included a doorbell camera, an additional surveillance camera, a motion detector, and a panic button. He also bought "stun guns and pepper spray"

for himself and his girlfriend. He carried those items often. The victim testified that he feared defendant and McDonald and that defendant and McDonald both still lived next door to him. He also said that, since the assault, he was afraid to be outside of his house because he feared for his safety.

Whether damages were a reasonably foreseeable result of a defendant's criminal conduct is generally "a factual question for the court." *State v. Ramos*, 358 Or 581, 597, 368 P3d 446 (2016). Here, the trial court imposed as restitution the cost of the security system hardware and the self-defense items. It made the following findings on the record:

> "I agree with the State that [it] is reasonably foreseeable under these circumstances that [the victim] would incur expenses for the security measures that he put into place to protect himself and his household. That may not be the case in every assault case, especially one involving strangers, but the record here shows that that's not the limit of the facts in this case. Instead we've got a situation where they're next door neighbors, and they have ongoing contact, and that contact has been hostile.

> "So I am considering that prior 4th of July incident, not in the sense that it's additional criminal activity, but just to show that there is this ongoing hostile relationship that was not just a single incident between [defendant] and [the victim]. So that's one of the reasons I think it's foreseeable under the circumstances, and also why it was a but-for causation here for the $786.12. So I will order that amount and enter a judgment accordingly."

Those findings are supported by the record.[1] The trial court did not err in finding that the security expenses were reasonably foreseeable under these circumstances.

As to defendant's unpreserved argument that the Oregon and federal constitutions provide a right to a jury trial for restitution, suffice it to say that the legal point is not obvious and beyond dispute. Consequently, the error, if any, is not plain.

---

[1] Defendant does not challenge, in his first assignment of error, the trial court's reliance for its factual findings on any of the evidence presented at the restitution hearing. He argues only that the evidence that was admitted at the hearing was not sufficient to prove that the security expenses were reasonably foreseeable.

Because the trial court did not err in imposing the costs of the victim's security measures as restitution, we affirm the judgment.

Affirmed.